**FILED**

July 20, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DARIO ESAU MENDOZA QUIROGA, | § § § | |
| Petitioner, | § § | NO. SA-26-CV-4160-OLG |
| v. | § § | |
| TODD BLANCHE *et al.,* | § § | |
| Respondents. | § | |

## <u>ORDER</u>

Pending before the Court is Petitioner Dario Esau Mendoza Quiroga's Petition for a Writ of Habeas Corpus (Dkt. No. 1), to which Respondents have responded (Dkt. No. 4). After careful consideration, the Court concludes that the Petition must be denied.

Based on the record, Petitioner is a citizen of Mexico who, on July 5, 2017, was temporarily admitted to the United States on a visitor visa. *See* Dkt. No. 1-2 at 3. However, Petitioner remained beyond the authorized period and, on February 5, 2026, he was apprehended and detained by immigration authorities. Dkt. Nos. 1 at 2; 1-2 at 3; 4-2 at 2. He was then placed in removal proceedings. *See* Dkt. No. 1-2 at 3. On April 17, 2026, Petitioner received a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a), who determined that he failed to demonstrate that he does not pose a flight risk or danger to persons or property. *See* Dkt. No. 4-1.

Petitioner initiated this action on July 1, 2026, seeking an order compelling his release or, in the alternative, an order requiring Respondents to conduct another bond hearing, on the grounds that his detention violates his right to due process. *See* Dkt. No. 1 at 16–17, 20–21.[1] But Petitioner

---

[1] Petitioner also asserts entitlement to habeas relief based on the Administrative Procedure Act. These claims—which are unavailing and not properly before the Court in a habeas proceeding—will be dismissed. *See Chi v. Warden, Bluebonnet Det. Facility,* No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy

received all the process he was due. Under § 1226(a), Petitioner was entitled to a bond hearing before an IJ. He received that hearing on April 17, 2026, during which the IJ determined that he failed to demonstrate that he does not pose a flight risk or danger to persons or property. Dkt. No. 4-1; *see Adedire v. Warden*, No. 26-CV-649, 2026 WL 983130, at *2–3 (W.D. Tex. Apr. 10, 2026); *Pun v. Noem*, No. 26-CV-534, 2026 WL 475297, at *2 (W.D. Tex. Feb. 18, 2026); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008) ("Prieto-Romero has not been denied procedural due process while in custody. He received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker.").

Furthermore, the hearing he received passes constitutional muster. While Petitioner asserts that due process requires the government "to bear the burden of demonstrating by clear and convincing evidence that detention is justified," *see* Dkt. No. 1 at 2–3, 9–11, 13–15, that is not so. As the Court has repeatedly held, "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *See Rahimi v. Thompson*, No. 25-CV-1338, Dkt. No. 23 at 5–6 (W.D. Tex. Apr. 7, 2026). Accordingly, the Petition (Dkt. No. 1) is **DENIED.**

Any non-habeas claims are **DISMISSED WITHOUT PREJUDICE.**

This case is **CLOSED.**

**IT IS SO ORDERED.**
**SIGNED** on July _____ 20 _____, 2026.

ORLANDO L. GARCIA
United States District Judge

---

in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

2